UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RAYMOND STEDMAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-2924 (BAH) |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION

Plaintiff Raymond Stedman filed the instant complaint in the Superior Court of the District of Columbia against the defendant Department of Homeland Security ("DHS"), which removed the action to this Court before filing the pending motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Def.'s Mot. Dismiss, ECF No. 5. For the reasons discussed below, this motion is granted.[1]

### I. BACKGROUND

Plaintiff alleges that, over a 12- to 14-year period, "originat[ing] during the Bush presidency," his "home and property [have] been commandeered or overrun by the government and other media entities." Compl. at 3, ECF No. 1-2.[2] He states that he "was the focal point of an 'open forum' (spygate Obamagate) cyber riots and attacks, in direct contact with world

---

[1] DHS's first motion to dismiss, ECF No. 4, is dismissed as moot, leaving for consideration only DHS's corrected motion, ECF No. 5. In addition, DHS's unopposed motion for an extension of time to file its reply, ECF No. 8, is granted *nunc pro tunc*.

[2] The page numbers cited are those applied by the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

1

leaders (Kim Jun Un [sic], Vlad Putin, Queen Elizabeth, the prince of Arabia), terrorist organizations, and cults," and to have had his "intellectual property . . . taken at will from the privacy of [his] own home." *Id*.  Over this time period, plaintiff alleges, his "privacy and civil rights were violated beyond belief." *Id*.  According to plaintiff, "bombers or army transport planes fly[] directly over [his] house," *id*. at 3, and on one occasion an "attack chopper with a red light was 75 feet over [his] driveway," *id*. at 3-4.  "Besides the invasion of privacy, harassment, criminal negligence, wreck less [sic] endangerment, and obstruction of justice," plaintiff allegedly suffers "injury to [his] brain and body caused by overwhelming signal, riots and ritual like attacks by media and government entities as well as a victimized public and military and intelligence agencies." *Id*. at 4.  To compensate for his injuries, plaintiff demands $45 million. *Id.* at 1.

DHS moves to dismiss the complaint, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that: (1) the Court lacks subject matter jurisdiction; and (2) the complaint fails to state a claim upon which relief can be granted.  *See generally* Def.'s Mem. of P. & A. in Support of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 9-12, ECF No. 5.[3]

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.'"  *Bronner ex rel. Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 317

---

[3] For purposes of this Memorandum Opinion, the Court proceeds as if service of process had been effected and will not address DHS's alternative argument that dismissal is warranted for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).  *See* Def.'s Mem. at 12-13.

(D.C. Cir. 2012)); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))). Absent subject-matter jurisdiction over a case, the court must dismiss it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)); FED. R. CIV. P. 12(h)(3).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of demonstrating the court's subject-matter jurisdiction over the claim at issue. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). When considering a motion to dismiss under Rule 12(b)(1), the court must determine jurisdictional questions by accepting as true all uncontroverted material factual allegations contained in the complaint and "'constru[ing] the complaint liberally, granting plaintiff[s] the benefit of all inferences that can be derived from the facts alleged.'" *Hemp Indus. Ass'n v. DEA*, 36 F.4th 278, 281 (D.C. Cir. 2022) (second alteration in original) (quoting *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011)).

    **B.**     **Rules 8 and 12(b)(6)**

A plaintiff need only provide a "short and plain statement of [his] claim showing that [he is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). Ideally, "[e]ach allegation [of a complaint is] simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). At the same time, to withstand a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *VoteVets Action Fund v. McDonough*, 992 F.3d 1097, 1104 (D.C. Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Wood v. Moss*, 572 U.S. 744, 757–58 (2014). A facially plausible claim pleads facts that are not "'merely consistent with' a defendant's liability" but that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556); *see Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) ("Plausibility requires more than a sheer possibility that a defendant has acted unlawfully[.]").

In deciding a motion under Rule 12(b)(6), the whole complaint must be considered, with all factual allegations accepted as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555; *see also Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1265 (D.C. Cir. 2019). The Court cannot, however, "assume the truth of legal conclusions, nor [does it] 'accept inferences that are unsupported by the facts set out in the complaint.'" *Arpaio*, 797 F.3d at 19 (alteration in original) (internal citation omitted) (quoting *Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007)); *see Iqbal*, 556 U.S. at 681 (stating that conclusory allegations are "not entitled to be assumed true").

In applying these standards to pleadings filed by *pro se* litigants, the court must consider the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Johnson v. District of Columbia*, 927 F.3d 539, 541 (D.C. Cir. 2019) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (internal quotation marks omitted)). In addition, a *pro se* complaint must "'be liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted)). Nonetheless, a *pro se* plaintiff is not excused

from complying with applicable procedural rules and "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. 678); *see also Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2011).

## III.   DISCUSSION

Plaintiff's lawsuit must be dismissed on multiple grounds, since, as explained below, whether plaintiff's claims are broadly construed as torts or violations of his civil rights.

### A.   Sovereign Immunity Bars Plaintiff's Claims

"The United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent, and that the existence of consent is a prerequisite for jurisdiction."). "A waiver of sovereign immunity 'cannot be implied, but must be unequivocally expressed,'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)), and absent an express waiver, "sovereign immunity shields the Federal Government and its agencies from suit," *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

#### 1.   Tort Claims under the Federal Tort Claims Act

Insofar as plaintiff's claims sound in tort, DHS argues, Def.'s Mem. at 10-12, ECF No. 5, they may proceed only under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671-80, which permits a civil suit for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

employment," 28 U.S.C. § 1346(b).[4]  The FTCA waives sovereign immunity "'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"  *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) (quoting 28 U.S.C. § 1346(b)(1)).  Thus, the FTCA renders the United States subject to suit for certain – but not all – tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).

### a.     Exhaustion of Administrative Remedies

Insofar as plaintiff brings negligence claims, *see* Pl.'s Response to Mot. of Dismissal ("Pl.'s Opp'n") at 1, ECF No. 6; Pl.'s Response to Mot. of Dismissal ("Pl.'s Supp. Opp'n") at 2, ECF No. 10, such claims would proceed under the FTCA, which in relevant part provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added).  Accordingly, claimants may not sue the United States "in federal court until they have exhausted their administrative remedies," and claimants' "fail[ure] to heed that clear statutory command" warrants dismissal of their claims.  *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam) (affirming dismissal of FTCA claim where "[a]ppellant failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court"); *Abdurrahman v. Engstrom*, 168 F. App'x 445, 445 (D.C. Cir. 2005) (per

---

[4]     The United States of America is the only proper defendant to a suit under the FTCA.  *See, e.g., Hall v. Admin. Office of U.S. Courts*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007).  Even though this *pro se* plaintiff has not named the United States as a party defendant, this pleading defect is overlooked and plaintiff's claims are treated as if he brought them against the United States directly.

curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction").

      DHS notes that the complaint nowhere alleges that plaintiff presented to the agency the requisite administrative claim, without which he may not pursue his tort claims in district court. *See* Def.'s Mem. at 10-11; Def.'s Reply in Support of its Mot. to Dismiss ("Reply") at 2-3, ECF No. 11. Although plaintiff's oppositions do not mention the FTCA, plaintiff produces a copy of a Claim for Damage, Injury, or Death (SF-95), explaining the basis of his claim as follows:

> I was the target in 'Q-anon' pirated signal cult. For going on almost twenty years now. While in contact with govt. employees, police stations etc. Pre jan. 6 when the cyber riots turned to nation wide riots and shootings. Even on the international level the un canny [sic] similarity to what I said in the privacy of my own home kept appearing. I've been recorded, taped monitored, redacted, plagiarized, and repeated in courts. With no concern for my safety and rights, or the situation at hand. Millions of victims, billions in intellectual losses. Have resulted in targeting, hackings, attacks, to me and other innocent people. My name is well known across the world.

Pl.'s Supp. Opp'n, Ex. at 1, ECF No. 10-1. According to plaintiff, these events occurred on November 22, 2022, at 12:25 a.m., *see id.*, long after his complaint, had already been filed, on April 28, 2022, ECF No. 1-2, and shortly after DHS had filed the pending motion to dismiss, on November 16, 2022, alerting plaintiff to the defect under the FTCA. This belated effort to present an administrative claim to DHS does not demonstrate compliance with the FTCA for purposes of this lawsuit, as plaintiff fails to show both presentment of his claim to DHS and denial of "his claim . . . [DHS] in writing and sent by certified or registered mail," 28 U.S.C. § 2675(d), prior to filing this civil action in Superior Court on April 28, 2022. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative

7

remedies," *McNeil*, 508 U.S. at 113, and thus plaintiff's failure to exhaust warrants dismissal for lack of jurisdiction.

### b. Constitutional Tort Claims

Insofar as plaintiff's tort claims arise from the violation of his civil rights, *see, e.g.,* Pl.'s Opp'n at 2; Pl.'s Supp. Opp'n at 2, sovereign immunity bars them. The "United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *Meyer*, 510 U.S. 478; *see Mullen v. Bureau of Prisons*, 843 F. Supp. 2d 112, 116 (D.D.C. 2012) ("[T]he United States has not consented to be sued for monetary damages based on a constitutional violation[.]"); *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017) ("First, the law is well established that Congress has not waived the United States' immunity with respect to tort claims arising under the Constitution."), *aff'd*, No. 17-5285, 2018 WL 6721354 (D.C. Cir. Dec. 19, 2018).

### 2. Remaining Tort Claims

DHS argues that plaintiff's remaining claims, generally described by plaintiff as "invasion of privacy, harassment, criminal negligence, wreck less [sic] endangerment, and obstruction of justice," Compl. at 3, "fall[] within the set of activities for which sovereign immunity has not been waived," Def.'s Mem. at 12. In other words, DHS argues that these claims are intentional torts excepted from the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h) (providing that FTCA does not apply "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights").

Given the vague and conclusory nature of the complaint, it is difficult to determine whether or what intentional torts plaintiff intends to raise. That said, plaintiff's allegations of

having "walked into a[s] assassination style shooting," Compl. at 3, having military aircraft fly over his house, *see id.* at 3-4, and having suffered physical injury, *see id*. at 4, suggest assault and battery claims.  If plaintiff indeed brings assault and battery claims, they cannot proceed because sovereign immunity bars them.

Plaintiff responds with a request that this Court "wa[i]ve sovereignty."  Pl.'s Opp'n at 2; *see* Pl.'s Supp. Opp'n at 1.  According to plaintiff, his "circumstances are unprecedented and seem to be the cause of international rioting and shootings," such that "[l]iability, responsibility and legislation would be great for victims and promote awareness of this situation."  Pl.'s Opp'n at 2.  This request is beyond the power of this Court to grant because only the United States Congress has the authority to waive sovereign immunity.  *See Lane*, 518 U.S. at 192 ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text[.]").

### B.     The Complaint Fails to State Claims Upon Which Relief Can Be Granted

DHS argues that "this Court cannot entertain jurisdiction over the patently insubstantial pleading before it," as the "complaint makes claims that are wholly incredible, frivolous, and incoherent."  Def.'s Mem. at 9.  The Court concurs.

A federal court is "without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous."  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citations and internal quotation marks omitted).  Mindful, however, that a *pro se* plaintiff's complaint must be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), the Court finds plaintiff's allegations, to include his direct contact with world leaders, Compl. at 3, and injuries to his "brain and body caused by

9

overwhelming signal," *id*. at 4, to be "patently insubstantial," as they are "flimsier than doubtful or questionable . . . [and] essentially fictitious," *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (internal quotation marks omitted).

### III. CONCLUSION

This Court lacks subject matter jurisdiction over plaintiff's tort claims and that the complaint otherwise fails to state a viable legal claim. Accordingly, DHS's motion to dismiss will be granted. An Order consistent with this conclusion is issued separately.

DATE: April 27, 2023                          /s/ *Beryl A. Howell*

                                                       BERYL A. HOWELL
                                                       United States District Judge